20840

CAROLINA COMPONENTS CORPORATION, Respondent, v. BROWN WHOLESALE CO., INC., and E. Edward Brown of whom E. Edward Brown is, Appellant.

(250 S. E. (2d) 332)

*Richard M. Kennedy, Jr.,* of *Kennedy & Price,* Columbia, *for appellant.*

*R. Howard Grubbs* and *Sherwood M. Cleveland,* of *McKay, Sherrill, Walker & Townsend,* Columbia, *for respondent.*

December 27, 1978.

RHODES, Justice:

The primary question presented by this appeal is whether respondent Carolina Components, a foreign corporation, not domesticated to do business under our statutes, may nevertheless commence an action to recover for goods sold and delivered to Brown Wholesale Co., Inc., which credit was guaranteed by E. Edward Brown (Appellant).[1] The lower court held that the action was maintainable and granted summary judgment in favor of respondent on the account, from which E. Edward Brown appeals. We affirm.

The undisputed facts, as gleaned from respondent's answers to appellant's requests for admissions, reveal that respondent, a North Carolina corporation, employed a salesman during 1973 and 1974 to solicit sales from businesses throughout South Carolina. Respondent also admitted that

---

[1] Respondent's amended complaint deleted Brown Wholesale, Inc., as its debt had been discharged through bankruptcy.

its salesman called on at least five firms and that his solicitation resulted in sales requiring at least 100 separate shipments during this period. While admitting to the aforementioned business activity within South Carolina, respondent made it clear that its salesman was not "located" in the State, but only travelled into South Carolina from his base in North Carolina.

Section 33-23-150(b), South Carolina Code of Laws (1976) states:

A foreign corporation doing business in this State without authority, when such authority is required by Chapters 1 to 25 of this Title, shall not maintain any action, suit or proceeding in this State . . .[2]

Whether a foreign corporation is "doing business" within the purview of this act so as to foreclose access to our courts depends largely upon the particular facts of each case with especial inquiry into the type of business activities conducted. In this context, it should be noted that while a foreign corporation may be doing business within a state sufficient to subject it to jurisdiction, such a determination is not conclusive that a corporation is doing business within the state to the extent of requiring compliance with our domestication statute. *See* § 33-23-10(c), S. C. Code of Laws (1976). *State v. Ford Motor Co.,* 208 S. C. 379, 38 S. E. (2d) 242 (1946); *Shealy v. Challenger Mfg. Co.,* 304 F. (2d) 102 (4th Cir. 1962).

Respondent takes the position that the interstate features of its corporate activity in South Carolina brings it within the protection of the commerce clause of the Federal Constitution and within the interstate com-

---

2 Chapters 1 to 25 require the licensing and registration of corporations doing business in South Carolina unless the corporate transactions fall within an itemized exception under § 33-23-10(b), the pertinent exceptions to the case at hand being: (5) Creating or acquiring evidences of debt, mortgages, or liens on real or personal property; (6) Securing or collecting debts or enforcing any rights in property covering the same; and (7) Effecting a transaction in interstate or foreign commerce.

merce exception (§ 33-23-10(b)(7) to our domestication rements. We agree. It is uniformly held that domestication statutes have no application if the foreign corporation's contacts within a state are confined to the purpose of soliciting business and facilitating the sale and delivery of merchandise flowing within interstate commerce. *Dahnke-Walker Milling Co. v. Bondurant,* 257 U. S. 282, 42 S. Ct. 106, 66 L. Ed. 239 (1921); 20 C. J. S. Corporations § 1840 at page 58; *Accord, State v. Ford, supra.*

In our leading case on domestication, *Ford, supra,* this Court recognized that where a foreign corporation's contacts involve only soliciting, cultivating, and supervising its interstate business, such corporation is not subject to domestication requirements. There is no evidence that respondent has an office, warehouse, or telephone listing in South Carolina. The respondent merely ships merchandise into the state from North Carolina to fill orders solicited by its sales representative.

The record further indicates that on one occasion, respondent's sales agent entered into a written guaranty agreement with appellant, individually, as a means of securing the indebtedness owed by Brown Wholesale to respondent. While appellant argues that this transaction is intrastate in nature, it is clearly exempted under § 33-23-10(b) [5]-[6].[3]

In measuring the corporate contacts at bar against the *Ford* holding, there can be no question that a manufacturing corporation in North Carolina has a right, without domestication, to send its agent into South Carolina to make contracts for the sale and delivery of its goods, and this right carries with it by statutory exemption the right to enter into an agreement to secure credit afforded the South Carolina corporation. We accordingly conclude that respondent's activities were not such as to require its domestication as a condition precedent to instituting suit.

---

[3] *See* note 2, *supra.*

There being no genuine issue as to any material fact in this case, the lower court correctly disposed of it in favor of respondent as a matter of law.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.